**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Pablo Cano,<br>Plaintiff,<br>v.<br>Delta Air Lines, et al.,<br>Defendants. | Case No.: 2:26-cv-00723-JAD-NJK<br>**ORDER**<br>(Docket Nos. 19, 23) |

On July 1, 2026, Plaintiff filed a motion to compel disclosures and discovery responses from Defendant Delta Air Lines. Docket No. 19. The parties have now filed a stipulation to extend the deadlines for Defendant's response to that motion. Docket No. 23. The parties state that the reason for their request is "to allow Defendant to supplement discovery responses to narrow the issues that will be before the court." *Id*. at 1 (emphasis removed).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow

and focus the matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

More than technical compliance is required to establish meet and confer obligations are met. *Bliss v. CoreCivic, Inc.*, 2022 WL 2498997, at *1 (D. Nev. June 2, 2022). A proper meet and confer requires "meaningful discussions of the substance of the parties' dispute in a genuine effort to avoid judicial intervention." *Id*. (internal citation omitted). " The meet and confer requirement is more than a formalistic prerequisite, and the parties must treat the process as a means to substitute judicial resolution." *Mendoza v. Amalgamated Transit Union International*, 2019 WL 9100188, at *5 (D. Nev. June 24, 2019) (internal quotation marks and citations omitted).

Here, the parties have agreed that Defendant will supplement its discovery responses in order to narrow the issues raised in Plaintiff's motion to compel. Docket No. 23 at 1. As a result, the circumstances in the motion to compel have changed. If Plaintiff still believes Defendant's responses are deficient after Defendant supplements its discovery responses, the parties will need to engage in a renewed meet and confer prior to the filing of a renewed motion to compel that accurately recites the current state of the discovery efforts and any dispute, as well as addressing all applicable standards.

---

[1] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

Accordingly, the Court **DENIES** without prejudice Plaintiff's motion to compel. Docket No. 19. The Court further **DENIES** as moot the parties' stipulation to extend the deadline to respond to the motion to compel. Docket No. 23.

IT IS SO ORDERED.

Dated: July 17, 2026.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE