**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Pablo Cano,

Plaintiff(s),

v.

Delta Airlines, Inc., et al.,

Defendant(s).

Case No. 2:26-cv-00723-JAD-NJK

**Order**

[Docket No. 25]

Pending before the Court is Plaintiff's motion to strike Defendant Delta Airlines, Inc.'s expert and for other sanctions pursuant to Rule 37(c)(1) as well as related discovery relief. Docket No. 25.[1] Defendant filed a response in opposition. Docket No. 26. Plaintiff filed a reply. Docket No. 27. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

## I. BACKGROUND

This case arises out of Defendant's alleged negligence resulting in an altercation with a third party and physical injury to Plaintiff. Docket No. 1-2.

On August 24, 2026, the initial expert deadline, Defendant served its expert designation that identified its expert, Dr. Wang, and attached his curriculum vitae, fee schedule, and testimony history. Docket No. 25 at 2. Defendant served its experts written report three days later, on August 27, 2026. *Id.*

The instant motion asks the Court to strike Dr. Wang as an expert, preclude Defendant from offering Dr. Wang's testimony, opinions, or report at any hearing, deposition, or trial in this matter, and award Plaintiff reasonable expenses, including attorney's fees, incurred in bringing the instant motion.

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

## II. STANDARDS

A party must disclose the identity of any expert witness it intends to use at trial. Rule 26(a)(2)(A). The party must also provide a written report of the expert. Rule 26(a)(2)(B). Parties must disclose their experts at the times and in the sequence that the court orders. Rule 26(a)(2)(D). The scheduling order in this case required the initial expert disclosures to be made by August 24, 2026. Docket No. 18 at 2.

When a party fails to meet its expert disclosure obligations, the Court turns to Rule 37(c) to determine whether sanctions are appropriate. Rule 37(c)(1) provides that a non-compliant party is "not allowed to use the information or witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless."

The party facing the sanction has the burden of showing substantial justification or harmlessness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010); *see also Yeti by Molly*, 259 F.3d at 1107 ("Rule 37(c)(1) ... was intended to foster stricter adherence to discovery requirements and to broaden the power of the district courts to sanction violations of Rule 26").

Even where non-disclosure is neither harmless nor justified, however, courts are not required in all instances to exclude evidence as a sanction. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). Rule 37(c)(1) enumerates a number of other potential sanctions, including payment of reasonable expenses incurred, an order that the movant may inform the jury of the opposing party's failure, and any other "appropriate" sanction, including those listed in Rule 37(b)(2)(A)(i)-(vi).

The court has wide discretion in determining the appropriate sanction. *See Yeti by Molly*, 259 F.3d at 1106. In determining the appropriate sanction, the Court looks to five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

(3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Moreover, where evidence exclusion "amount[s] to dismissal of a claim, the district court [is] required to consider whether the noncompliance involved willfulness, fault, or bad faith." *R&R Sails, Inc. v. Insurance Co. Of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

## III. ANALYSIS

Defendant does not dispute that the disclosure of Dr. Wang's written report was untimely. *See* Docket No. 26 at 4. However, Defendant served the written report on August 27, 2026, just three days after the initial expert deadline, 28 days before the rebuttal expert deadline, and 60 days before the discovery cutoff. *Id.* Defendant submits that the report was late because it believed the parties were going to submit a stipulation to extend the case management deadlines. *Id.* at 5. The Court finds that the disclosure was sufficiently harmless that exclusion is not an appropriate remedy here. *See, e.g.*, *Boliba v. Camping World, Inc.*, 2015 WL 3916775, *2 (D. Nev. June 25, 2015) ("Harmlessness may be established if a disclosure is made sufficiently before the discovery cutoff to enable the movant to depose the expert and challenge his expert report" (citing *Cruz v. Durbin*, 2014 WL 4182334, *3 (D. Nev. Aug. 21, 2014); *Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, *4 (D. Nev. Jan. 6, 2011)).

## IV. CONCLUSION

For the reasons discussed above, the motion to strike is **DENIED** in full. Docket No. 25.[2]

IT IS SO ORDERED.

Dated: September 30, 2026

Nancy J. Koppe
United States Magistrate Judge

[2] Plaintiff tacks on a request for the Court to compel discovery disclosures within fourteen days of the Court's order with an explicit warning that Defendant's noncompliance will result in sanctions. Docket No. 25 at 11, 12. This request is in violation of Local Rule IC 2-2(b) and the incorporation by reference to a previously denied motion to compel unnecessarily complicates the pleadings without providing meaningfully developed argument. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013); *see also Lescinsky v. Clark Cnty. Sch. Dist.*, 539 F. Supp. 3d 1121, 1129 n.8 (D. Nev. 2021). The Court, therefore, does not address this request.