Mark C. Severino, Esq.
Nevada Bar No. 14117
Elisa L. Wyatt, Esq.
Nevada Bar No. 13034
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
Telephone: (702) 727-1400
Facsimile: (702) 727-1401
Email: Mark.Severino@wilsonelser.com
Email: Elisa.Wyatt@wilsonelser.com
*Attorneys for Defendant, Delta Air Lines, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PABLO CANO,<br><br>Plaintiff,<br>vs.<br><br>DELTA AIR LINES, INC.; DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-00723-NJK<br><br>**STIPULATION AND ORDER TO CONTINUE DISCOVERY DEADLINES**<br><br>**(THIRD REQUEST)** |

Pursuant to LR 7-1, LR 26-3, and the Court's October 13, 2026 Order (ECF No. 30), the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend the discovery cut-off in the above-captioned case from November 9, 2026, up to and including March 12, 2027. That date is thirty (30) days after the parties' private mediation, which is set to take place in person for February 10, 2027 before the Honorable Jennifer Togliatti (Ret.). The Court's Order directed that any renewed request to extend case management deadlines based on mediation be filed by October 22, 2026. The parties submit this renewed request within that deadline, and they now have a concrete mediation date. This request is made timely because the Court set the October 22, 2026 deadline for a renewed request, and the parties could not confirm a mediation date for all parties to appear in person with the mediator until October 20, 2026.

/ / /

/ / /

The parties also request that the following discovery deadlines contemplated by the Discovery Plan and Scheduling Order be extended pursuant to the Local Rules. In support of this Stipulation and Request, the parties state as follows:

**I. Discovery Completed To Date**

a. On February 13, 2026, Plaintiff filed his Complaint.

b. On March 12, 2026, Defendant removed the case to the U.S. District Court.

c. On March 13, 2026, Defendant filed its Answer to Plaintiff's Complaint.

d. On March 27, 2026, Plaintiff served his initial FRCP disclosures.

e. On April 9, 2026, Defendant served its initial FRCP disclosures.

f. On May 7, 2026, Plaintiff served written discovery to Defendant.

g. On May 18, 2026, Defendant served written discovery to Plaintiff.

h. On May 18, 2026, Defendant served their first supplemental FRCP disclosures.

i. On June 2, 2026, Plaintiff served his first supplemental FRCP disclosures.

j. On June 12, 2026, Plaintiff served his responses to Defendants Requests for Admissions, Interrogatories and Requests for Production of Documents.

k. On July 13, 2026, Defendant served Notice of Taking Plaintiff's deposition for July 30, 2026.

l. On June 18, 2026, Plaintiff served his Answers to Defendants Interrogatories.

m. On July 1, 2026, Plaintiff filed a Moton to Compel Defendant's Complete Disclosures and Discovery Responses.

n. On July 15, 2026, Plaintiff served his second supplemental FRCP disclosures.

o. On July 15, 2026, the parties submitted a stipulation and order to extend the deadline to oppose the motion to compel.

p. On July 17, 2026, the Court denied the motion without prejudice.

q. On July 30, 2026, Plaintiff's deposition was taken.

r. On August 3, 2026, the parties had a meet and confer regarding Defendant's disclosures and discovery responses.

s. On August 12, 2026, Defendant served its second supplemental FRCP disclosures.

t. On August 18, 2026, Defendant served its third supplemental FRCP disclosures.

u. On August 24, 2026, the parties exchanged initial expert disclosures.

v. On August 27, 2026, Defendant service its supplemental expert disclosures.

w. On September 24, 2026, the parties exchanged rebuttal expert disclosures.

x. On October 9, 2026, the parties filed a stipulation to continue discovery deadlines (second request) (ECF No. 29).

y. On October 13, 2026, Defendant served its first supplemental rebuttal expert disclosures.

z. On October 14, 2026, Defendant took the deposition of Plaintiff's expert, Stan V. Smith, Ph.D.

aa. On October 15, 2026, Defendant took the deposition of Plaintiff's expert, Kathleen Lord-Jones.

bb. On October 15, 2026, Plaintiff took the deposition of Defendant's expert, Jeffrey C. Wang, M.D., in part.

**Discovery Left To Be Completed**

a. Deposition of Defendant's FRCP 30(b)(6) designee(s).

b. Deposition of Witnesses, including Cheryl Pinkus, Ian Tulley Klahre, Shayla Kay Rost, Kristin Cooper, and Dr. Ravarino

c. Deposition of Expert Witnesses, including Robert Hemphill, Dr. William S. Muir and the continued deposition of Dr. Wang.

## II. Reasons for Extension

The parties have been diligently attempting to complete discovery under the current scheduling order. Since the Court's October 13, 2026 Order, the parties have continued to notice and take depositions, including expert depositions. They have also done what the Court asked. They have set a concrete mediation date. On October 20, 2026, the parties confirmed private mediation in person for February 10, 2027 before the Honorable Jennifer Togliatti (Ret.). That was the earliest

date on which the mediator, the parties, and the necessary client and insurer representatives were all available. Both sides have committed to mediate.

The requested extension is supported by the considerations the Court identified. See *Williams v. James River Grp. Inc.,* 627 F. Supp. 3d 1172, 1181 & n.8 (D. Nev. 2022). First, the parties have been diligent. They have exchanged written discovery, supplemental disclosures, and initial, supplemental, and rebuttal expert disclosures. Plaintiff has been deposed. Expert depositions are underway and all remaining depositions are either scheduled or we are working on agreed upon dates. Second, this request is made preemptively, before the current cut-off, and within the time the Court allowed. The parties have not agreed among themselves to avoid any discovery obligation. Third, mediation is set for a concrete date in the near term. Fourth, settlement is more achievable, and substantial party and judicial resources may be spared, if the parties can schedule the remaining depositions around mediation rather than compress them into the next three weeks. The remaining depositions include a corporate designee deposition, four percipient witnesses, treating providers, and experts.

The parties do not ask the Court to reopen expert disclosure deadlines. Those deadlines remain closed. The parties request only thirty (30) days after mediation to complete any discovery that remains if the case does not resolve. The parties will continue to conduct discovery in the interim. This is the third request to extend discovery in this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

*Pablo Cano v. Delta Air Lines, Inc.*
Case No. 2:26-cv-00723-NJK

**III. Proposed Schedule**

| Current Deadlines | **Proposed Extended Deadlines** |
| --- | --- |
| Expert Disclosures: August 24, 2026 | **Expert Disclosures: Closed** |
| Rebuttal Disclosures: September 24, 2026 | **Rebuttal Disclosures: Closed** |
| Discovery Cut-Off: November 9, 2026 | **Discovery Cut-Off: March 12, 2027** |
| Dispositive Motion: November 25, 2026 | **Dispositive Motion: April 12, 2027** |
| Pre-Trial Order: December 28, 2026 | **Pre-Trial Order: May 12, 2027** |

Dated this 22nd day of October, 2026.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Elisa L. Wyatt*
Mark C. Severino, Esq.
Nevada Bar No. 14117
Elisa L. Wyatt, Esq.
Nevada Bar No. 13034
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*Delta Air Lines, Inc*

Dated this 22nd day of October, 2026.

**REMMEL LAW FIRM**

*/s/ Jonathan T. Remmel*
Jonathan T. Remmel, Esq.
Nevada Bar No. 8627
804 S. Jones Blvd.
Las Vegas, NV 89107
*Attorney for Plaintiff,*
*Pablo Cano*

IT IS SO ORDERED

**UNITED STATES MAGISTRATE JUDGE**

Dated: October 22, 2026



401850142v.1